# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE ANN BARCELO and JUSTIN ROBERTS,<br><br>         Plaintiffs,<br><br> v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>         Defendants. | Case No. 25-cv-00329-BAS-AHG<br><br>**ORDER GRANTING DEFENDANT CITY OF SAN DIEGO'S MOTION TO DISMISS**<br><br>**(ECF No. 15)** |

Presently before the Court is Defendant City of San Diego's Motion to Dismiss. (ECF No. 15.) For the reasons stated below, the Motion is **GRANTED**. The Court also **GRANTS** Plaintiffs Katie Ann Barcelo and Jason Roberts leave to amend on all causes of action. Plaintiffs may file an amended complaint on or before October 31, 2025.

## I. BACKGROUND

On February 26, 2024, Plaintiff Katie Ann Barcelo parked Plaintiff Jason Roberts' 2017 Hyundai Elantra ("Hyundai") in a lane marked red near her friend's apartment complex. (ECF No. 5 ¶ 34.) A tow truck driver, employed by Defendant S&S Towing, started to hook the Hyundai to a tow truck and prepare it for towing. (*Id.* ¶ 35.) Plaintiff

Barcelo confronted the tow truck driver and called the San Diego Police Department. (*Id.* ¶¶ 35–40.) When police officers from the San Diego Police Department arrived on the scene, they allegedly told Plaintiff Barcelo that the tow truck driver could tow the Hyundai because it was parked in a fire lane and allegedly instructed the tow truck driver to do so. (*Id.* ¶ 44.) Plaintiffs were later unable to retrieve the Hyundai from Defendant S&S Towing. (*Id.* ¶¶ 47–49.)

Following the car towing incident described above, Plaintiffs Katie Ann Barcelo and Justin Roberts ("Plaintiffs") initiated this action by filing a complaint on February 13, 2025—alleging causes of action under 42 U.S.C. § 1983 and under California state law against Defendants City of San Diego ("City") and 51 Strategies L.L.C., *d/b/a* S&S Towing, among others. (ECF No. 1.) Plaintiffs filed an amended complaint on March 11, 2025, now including claims for damages. (ECF No. 5.) On May 27, 2025, City filed a motion to dismiss regarding Plaintiffs' claims against just City. (ECF No. 15.) Plaintiffs filed an opposition to City's motion to dismiss. (ECF No. 19.) City filed a reply. (ECF No. 20.)

## II.  LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Although the court accepts plaintiff's factual allegations as true, it is not proper for the court to assume that "the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the. . . law[ ] in ways that have not been alleged." *Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Conclusory allegations unsupported by any specific facts are not sufficient to defeat a motion to dismiss. *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).

## III. ANALYSIS

### A. Plaintiffs' Claims Under 42 U.S.C. § 1983

Plaintiffs bring a cause of action under 42 U.S.C. § 1983 against City for its allegedly inadequate training policies for police officers that were a proximate cause of the violation of Plaintiffs' Fourth Amendment and First Amendment rights. (ECF No. 5 ¶¶ 72–75.) The training policies were allegedly inadequate because they failed to instruct the San Diego Police Department about California Private Property Impound towing laws, that a curb painted red is not necessarily a fire lane, and that "if the owner of a vehicle that is…being towed pursuant to a Private Property Impound, returns to the scene of the tow and demands the release of the vehicle …the towing company must immediately and unconditionally release the vehicle to the owner of the vehicle or the owner's agent." (*Id*.) Further, Plaintiffs allege that the San Diego Police Department had notice of the allegedly predatory towing practices of Defendant S&S Towing for the past three years, because it posted a bulletin detailing such practices—yet still failed to train its employees on those practices. (ECF No. 19 at 8:17–9:19.)

To bring a § 1983 claim, Plaintiffs must plead that: (1) City acted under color of state law and (2) deprived Plaintiffs of a constitutional right. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). To assert a § 1983 claim against a municipality, Plaintiffs must demonstrate that the alleged constitutional deprivation was the product of a City policy, practice, or custom. *See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 403 (1997); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)

Here, Plaintiffs allege that the basis for municipal liability is the failure of the San Diego Police Department to train its officers. "To allege a failure to train [as the basis for § 1983 liability for a municipality], a plaintiff must include sufficient facts to support a reasonable inference (1) of a constitutional violation; (2) of a municipal training policy that amounts to a deliberate indifference to constitutional rights; and (3) that the constitutional injury would not have resulted if the municipality properly trained their employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153–54 (9th Cir. 2021) (citing *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)). For a municipality to have exercised "deliberate indifference to constitutional rights," the municipality must have "actual or constructive notice that a particular omission in [its] training program causes [municipal] employees to violate citizens' constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 61 (2011).

The Court finds that Plaintiffs have failed to allege a particular police training program that led to the alleged violation of Plaintiffs' constitutional rights. Additionally, the Court agrees with City that a single encounter with municipal personnel cannot generally evince a constitutionally deficient training policy by a municipal entity. (ECF No. 15-1 at 5.) *See also Benavidez*, 993 F.3d at 1154 (9th Cir. 2021) ("[A] single instance of unlawful conduct is insufficient to state a claim for municipal liability under section 1983."); *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 937 (S.D. Cal. 2022) (granting a motion to dismiss a plaintiff's claim against a municipal defendant because "an inadequate

training policy itself cannot be inferred from a single incident" (citing *Hyde v. City of Willcox*, 23 F.4th 863, 874–875 (9th Cir. 2022))).

Further, Plaintiffs' allegation that City had awareness of illegal towing practices (ECF No. 19 at 8:17–9:19) does not prove that the San Diego Police Department: 1) has failed to train its police officers; and 2) that such alleged training failures commonly result in constitutional violations by police officers responding to towing incidents. *See Connick*, 563 U.S. at 61 (Plaintiffs must allege, in part, that "the training program causes [municipal] employees to violate citizens' constitutional rights").

In other words, while the fact that City is generally aware of illegal towing practices within the city is consistent with finding liability, it "stops short of the line between possibility and plausibility of entitlement to relief" under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Therefore, the Court **GRANTS** City's motion to dismiss Plaintiffs' § 1983 claims without prejudice.

### B. Plaintiffs' California Common-Law Claims against City

Plaintiffs also bring causes of action against City under California state common law tort theories. Namely, Plaintiffs sue City for conversion/trespass to chattels (ECF No. 5 ¶ 91), negligence (ECF No. 5 ¶¶ 107–111), and intentional infliction of emotional distress (ECF No. 5 ¶ 116).

In California, all government tort liability must be based on a statute. California Government Code § 815, a provision in the California Tort Claims Act, states that "[e]xcept as otherwise provided by statute. . . [a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815. This section "abolishes common law tort liability for public entities." *Miklosy v. Regents of University of California*, 44 Cal. 4th 876, 899 (2008).

Here, Plaintiffs have provided California Government Code §§ 815.2(a) and 820 as the statutory basis for their conversion, negligence, and intentional infliction of emotional distress claims directly against City. (ECF No. 5 ¶¶ 84–116.) Section 820 does not provide

a statutory basis for liability against City because it concerns public employees, rather than public entities. *Est. of Nunis by & through Nunis v. City of Chula Vista*, No. 21-CV-01627-AJB-DEB, 2023 WL 6035705, at *4 (S.D. Cal. Feb. 8, 2023). Similarly, Section 815.2 makes a public entity vicariously liable for its *employees'* actions but does not support a claim of a public entity's *own* failure to appropriately supervise or train its employees. *Winger v. City of Garden Grove*, No. SACV130267AGRNBX, 2013 WL 12376992, at *5 (C.D. Cal. Aug. 12, 2013). Therefore, City cannot be sued under theories of direct tort liability under §§ 815.2(a) and 820.

The California Tort Claims Act does allow for vicarious liability of a public entity for harm caused by an employee acting within the scope of his or her employment. *See* Cal Gov't Code § 815.2; *see also Jones v. City of Los Angeles,* No. CV057270DSFVBKX, 2005 WL 8156568, at *3 (C.D. Cal. Dec. 12, 2005). Given that Does 1 and 2 (City's police officers at the scene of the towing) were acting within the scope of their employment with City, if their actions can give rise to liability under Plaintiffs' tort claims, City could be vicariously liable. However, in their papers, Plaintiffs seek to impose direct—rather than vicarious—liability against City. (*See* ECF No. 19 at 8:21–23.) Thus, the Court also **GRANTS** City's motion to dismiss Plaintiffs' causes of action for conversion/trespass to chattels (ECF No. 5 ¶ 91), negligence (ECF No. 5 ¶¶ 107–111), and intentional infliction of emotional distress (ECF No. 5 ¶ 116) without prejudice.

### C. Plaintiffs' California Vehicle Code § 22658 Claim

Plaintiffs do not make any specific factual allegations surrounding how City's conduct arises to a claim under California Vehicle Code § 22658. Instead, their factual allegations focus on the allegedly illegal acts of a private towing company, and not City. Thus, the Court **GRANTS** City's motion to dismiss Plaintiffs' California Vehicle Code § 22658 claim under Rule 12(b)(6) without prejudice.

### D. Leave to Amend

The Court dismisses Plaintiffs' claims against City without prejudice, and **GRANTS** Plaintiffs leave to amend on their 42 U.S.C. § 1983 claims, California state law tort claims

(including conversion/trespass, negligence, and intentional infliction of emotional distress), and California Vehicle Code § 22658 claim.

Importantly, the California Government Claims Act "requires that 'all claims for money or damages against local public entities' be presented to the responsible public entity before a lawsuit is filed." *City of Stockton v. Superior Court*, 42 Cal.4th 730, 734 (2007) (quoting Cal. Gov't Code § 905). If a plaintiff fails to timely present a claim to the public entity, he may not bring a lawsuit against that entity. *See* Cal. Gov't Code §§ 945.4, 911.2; *City of Stockton*, 42 Cal.4th at 734 ("Failure to present a timely claim bars suit against the entity.") Plaintiffs failed to allege that they filed an administrative claim under the California Government Claims Act in their initial complaint (ECF No. 1). *See* Cal. Gov't Code §§ 905, 945.4, 911.2; *State of California v. Superior Court*, 32 Cal. 4th 1234, 1237 (2004); *Johnson v. City & Cnty. of San Francisco,* No. 23-CV-02110-HSG, 2023 WL 7003697, at *3 (N.D. Cal. Oct. 23, 2023; *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

Thus, in amending their complaint, the Court finds that Plaintiffs must allege sufficient facts to establish either compliance with or excusal from the Government Claims Act requirements to properly state any claims against City for damages. *Johnson*, 2023 WL 7003697, at *3.

## IV. CONCLUSION

For the reasons discussed, Defendant City of San Diego's Motion to Dismiss (ECF No. 15) is **GRANTED.** The Court also **GRANTS** Plaintiffs Katie Ann Barcelo and Jason Roberts leave to amend on all causes of action. Plaintiffs may file an amended complaint on or before October 31, 2025.

**IT IS SO ORDERED.**

**DATED: October 10, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court