UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE ANN BARCELO and JUSTIN ROBERTS,<br><br>                          Plaintiffs,<br><br>  v.<br><br>CITY OF SAN DIEGO, *et al.*,<br><br>                         Defendants. | Case No.: 3:25-cv-0329-BAS-AHG<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SERVE BY PUBLICATION**<br>**(ECF No. 28)** |

Presently before the Court is Plaintiffs' ex parte motion to serve by publication Defendants 51 Strategies LLC (doing business as S & S Towing), Sean Germaine Metcalf, and Sonya Defreitas-Metcalf ("Defendants") in accordance with Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure § 415.50(a). The Court finds the motion suitable for determination on the papers submitted. *See* Civ. L.R. 7.1(d)(1). Accordingly, the Court **GRANTS** the motion. (ECF No. 28.)

**I.  BACKGROUND**

On February 13, 2025, Plaintiffs Katie Ann Barcelo and Justin Roberts filed a complaint against multiple defendants. (ECF No. 1.) About a month later, Plaintiffs filed a first amended complaint. (ECF No. 5.) Although Plaintiffs completed service on most defendants, Defendants 51 Strategies LLC, Sean Germaine Metcalf, and Sonya Defreitas-Metcalf had yet to be served. (ECF Nos. 7, 9, 11, 13.)

On May 14, 2025, Plaintiffs filed a motion seeking additional time to serve Defendants. (ECF No. 14.) The Court granted Plaintiffs' motion and extended the service deadline to September 3, 2025. (ECF No. 17.) On September 3, 2025, Plaintiffs filed a second motion for additional time to serve Defendants. (ECF Nos. 21, 22, 23, 24.) The Court again granted Plaintiffs' request, extending the deadline to September 26, 2025. (ECF No. 25.) On October 10, 2025, Plaintiffs filed this ex parte motion to serve Defendants by publication. (ECF No. 28.)[1]

## III. ANALYSIS

The Federal Rules of Civil Procedure incorporate methods of service permitted by state law. Fed. R. Civ. P. 4(e)(1). California permits service by publication upon the satisfaction of two requirements: reasonable diligence and an adequate claim. Cal. Civ. Proc. Code § 415.50(a)

### A. Reasonable Diligence

First, Plaintiffs must submit an affidavit indicating "that the party to be served cannot with reasonable diligence be served in another manner." Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to determine whether the plaintiff "took those steps which a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996) (citation omitted).

Here, Plaintiffs have demonstrated "reasonable diligence" in attempting to serve Defendants. Plaintiffs' counsel submitted a declaration detailing the efforts undertaken to

---

[1] In the meantime, the other defendants proceeded in litigating the suit. Some defendants filed answers. (ECF Nos. 16, 18.) Other defendants filed a motion to dismiss. (ECF No. 15.) In response to the Court's Order granting the motion to dismiss, Plaintiffs filed a second amended complaint on October 31, 2025. (ECF No. 30.)

serve Defendants. (ECF No. 28-2.) Plaintiffs initially served, via certified mail, the summons and first amended complaint on all defendants. (*Id.* ¶ 21.) But Defendants did not respond. (*Id.* ¶ 22.) Plaintiffs' attorney sent his law clerk to personally serve Defendants at the address listed with the California Secretary of State for Defendant 51 Strategies LLC, but the law clerk was told no one had been at the address for over a year. (*Id.* ¶ ¶ 24, 25.) The attorney checked with the California Secretary of State's Office regarding an address change for the LLC, but there had been none. (*Id.* ¶ 26.) Plaintiffs' attorney then hired a private investigator to find Defendants' address. (*Id.* ¶ 27.) Upon contacting the California Secretary of State's Office again—seeking to serve the LLC through the Secretary of State—Plaintiffs' attorney learned that Defendant 51 Strategies LLC had been officially dissolved on June 23, 2025. (*Id.* ¶ 29.) But the private investigator found Defendants Metcalfs' new address. (*Id.* ¶ 30.) Plaintiffs' attorney again sent his law clerk to personally serve Defendants at the new address. (*Id.* ¶ 31.) The law clerk made four attempts to serve Defendants at the new address. (*Id.* ¶ 32.) During each of these four service attempts, a vehicle was parked in the driveway, leading the law clerk to believe that someone was at home but refused to answer the door. (*Id.* ¶ 33.) As of September 3, 2025, Plaintiffs' private investigator confirmed that his system shows that Defendants Metcalfs reside at this new address. (*Id.* ¶ 34.)

Further, Plaintiffs once more attempted to serve Defendants via certified mail on August 8, 2025. (*Id.* ¶¶ 35, 36.) Plaintiffs' packages were returned on September 2, 2025, and September 3, 2025, with the label "Return to Sender, Undeliverable to Addressed, Unavailable to Forward." (*Id.* ¶ 37.) The declaration states Plaintiffs have "exhausted every manner of attempting service" on Defendants. (*Id.* ¶ 38.)

Given these efforts, Plaintiffs satisfy the reasonable diligence requirement. *See Rios v. Singh*, 65 Cal. App. 5th 871, 880 (2021) ("A number of honest attempts to learn the defendant's whereabouts through inquiry and investigation generally are sufficient.").

### B. A Claim Exists Against Defendants

Second, before granting service by publication, Plaintiffs must demonstrate that either: "A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action," Cal. Civ. Proc. Code § 415.50(a)(1), or "The party to be served has or claims an interest in real or personal property . . . ," Cal. Civ. Proc. Code § 415.50(a)(2). To demonstrate the existence of a cause of action, one must offer "independent evidentiary support, in the form of a sworn statement of facts." *McNamara v. Sher*, No. 11-cv-1344-BEN-WVG, 2012 WL 760531, at *4 (S.D. Cal. Mar. 8, 2012).

Here, Plaintiffs have declared enough evidentiary support to demonstrate the existence of at least one cause of action against Defendants. Plaintiffs bring various causes of action against Defendants, including: 42 U.S.C. § 1983, Conversion/Trespass, Negligence, Intentional Infliction of Emotional Distress, and California Vehicle Code § 22658. (ECF No. 5.) Plaintiffs submitted a declaration from their attorney, Jerry L. Steering. (ECF No. 28-2.) According to the declaration, on February 26, 2024, Plaintiff Barcelo parked a 2017 Hyundai Elantra in a painted red zone, with her hazard lights on, to pick up her children at a friend's apartment. (*Id.* ¶¶ 3, 4.) She later discovered S & S Towing in the process of towing the vehicle. (*Id.* ¶ 5.) When Plaintiff Barcelo confronted the tow truck driver she "demanded the release of her car." (*Id.* ¶ 6.) However, the driver—at the instruction of a San Diego Police Officer—continued to tow her car. (*Id.* ¶¶ 10, 11.) The tow truck driver provided Plaintiff Barcelo with a business card that had a phone number but no address to retrieve the car. (*Id.* ¶ 7.)

Plaintiff Barcelo called Defendant S & S Towing multiple times, but the company did not answer her calls and blocked her cellphone number. (*Id.* ¶ 12.) Plaintiff Roberts, the registered owner of the Hyundai Elantra, texted with a representative of S & S Towing, but the representative did not tell Plaintiff Roberts how to pick up the car or how much it would cost. (*Id.* ¶ 13.) S & S Towing did not have an actual tow yard. (*Id.* ¶ 18.) The declaration further cites to a San Diego Police Department bulletin about criminal towing

by S & S Towing. (*Id.* ¶ 19.) And news organizations NBC 7 News and San Diego Union-Tribune published articles regarding the alleged fraud of S & S Towing. (*Id.* ¶ 20.)

In addition to demonstrating a sufficient evidentiary basis to support a cause of action, Plaintiffs can show that Defendants are proper parties in the suit. Plaintiffs' attorney declares that Defendants Sean Germaine Metcalf and Sonya Defreitas-Metcalf were the principals and owners of S & S Towing. (*Id.* ¶ 14.)

Thus, although the Court has not examined the sufficiency of every allegation, the Court determines that Plaintiffs have established sufficient evidentiary support for at least one cause of action against the properly named Defendants.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to serve by publication. (ECF No. 28.) Plaintiffs shall ensure compliance with Cal Civ. Proc. Code § 415.50 and Cal. Gov't Code § 6064. **Service upon Defendants must be completed on or before January 19, 2026, within sixty days of this Order.**

IT IS SO ORDERED.

DATED: November 20, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court