**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KATIE ANN BARCELO and JUSTIN ROBERTS,

Plaintiffs,

v.

CITY OF SAN DIEGO, et al.,

Defendants.

Case No.: 3:25-cv-00329-BAS-AHG

**ORDER:**

**(1) GRANTING JOINT MOTION TO EXTEND DISCOVERY DEADLINES, and**

**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**

**[ECF No. 59]**

Before the Court is the parties' joint motion to amend the scheduling order. ECF No. 59. The parties seek an order from the Court continuing the deadlines to complete fact and expert discovery, as well as other related case management deadlines, by approximately four months. *Id.*

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3;24-cv-217-JLS-AHG, 2025 WL 2881574, at *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)).

Here, the parties represent to the Court that they need more time to complete discovery. ECF No. 59. The parties explain that, though they have been diligent in pursuing discovery as to the original parties, Plaintiffs have had a difficult time serving other Defendants. ECF No. 59-1 (explaining the timelines of investigation, service, and responses). As such, the parties request an extension of all scheduling order deadlines, since the requested three-month fact discovery extension and four-month expert discovery extensions would impact all other deadlines. ECF No. 59 at 3.

The Court appreciates that the parties have been working together and finds good cause to **GRANT** the joint motion. ECF No. 59. The Court issues the following First Amended Scheduling Order:

/ /

1. Counsel shall refer to the Standing Order for Civil Cases for the Honorable Cynthia Bashant, which is accessible via the Court's website at www.casd.uscourts.gov.

2. Plaintiff(s) (or the party(ies) having the burden of proof on any claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **January 29, 2027**. Defendant(s) (or the party(ies) defending any claim, counterclaim, crossclaim, or third party claim) shall serve on all parties a list of experts whom that party expects to call at trial on or before **January 29, 2027**. On or before **February 19, 2027**, any party may supplement its designation in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject. Expert designations shall include the name, address, and telephone number of each expert, and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **January 29, 2027**. Any contradictory or rebuttal information shall be disclosed on or before **February 19, 2027**. In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

/ /

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

4. All fact discovery shall be completed by all parties by **January 15, 2027**. All expert discovery shall be completed by all parties by **March 19, 2027**. "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court**. The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website and at: https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

5. All motions, other than motions to amend or join parties, or motions *in limine*, shall be filed on or before **April 2, 2027**. For any motion that will be heard by the Magistrate Judge, the motion will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the judge's law clerk. For any motion heard by Judge Bashant, the motion must have an appropriate hearing date pursuant to Judge Bashant's Standing Order for Civil Cases. Further, please be advised that Judge Bashant requires the parties to meet and confer at least seven days before most types of motions are filed. Please plan accordingly. Failure of counsel to timely request a motion date or comply with Judge Bashant's Standing Order may result in the motion not being heard.

Any *Daubert* motions shall be filed along with motions for summary judgment unless no motions for summary judgment will be filed, in which case the parties may file *Daubert* motions along with motions *in limine*.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without such leave of court.

6. Pursuant to Local Rule 7.1.f.3.c, **if an opposing party fails to file opposition papers in the time and manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court.** Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1.e.2 or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Local Rule 7.1.f.3.c.

7. A Mandatory Settlement Conference shall be conducted on **June 23, 2027** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*.

/ /

/ /

/ /

/ /

/ /

a. The Court requires the personal attendance of all named parties, party representatives with full[1] settlement authority, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

b. Plaintiffs must serve on Defendants a **written** settlement proposal, which must include a specific demand amount, no later than **June 2, 2027**. The defendants must respond to the plaintiffs **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **June 9, 2027**.

d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **June 16, 2027**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the

---

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **June 16, 2027**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **June 16, 2027**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

g. All participants shall display the same level of professionalism during the MSC and be prepared to devote their full attention to the conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the MSC will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

h. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

8. The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **July 23, 2027**. **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

9. In jury trial cases before the Honorable Cynthia Bashant, neither party is required to file Memoranda of Contentions of Fact and Law pursuant to Civil Local Rule 16.1.f.2.

10. Counsel shall confer and take the action required by Local Rule 16.1.f.4.a on or before **July 30, 2027**.

11. Counsel for the Plaintiff(s) must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **August 6, 2027**.

12. The proposed pretrial order shall be lodged with the district judge's chambers on or before **August 13, 2027**, and shall be in the form prescribed in Local Rule 16.1.f.6.

13. The final Pretrial Conference is scheduled on the calendar of the **Honorable Cynthia Bashant** for Friday, **August 27, 2027** at **11:00 a.m.**

14. All motions *in limine* are due no later than **September 10, 2027**.

15. All responses to the motions *in limine* are due no later than **September 24, 2027**.

16. The parties shall submit the following no later than **September 24, 2027**: (1) joint proposed jury instructions; (2) proposed verdict form; (3) *voir dire* questions; (4) statement of the case; and (5) exhibits (in digital format in lieu of physical binders).

17. The parties shall exchange final exhibit and witness lists no later than **October 18, 2027**.

18. A hearing for motions *in limine* is scheduled for Friday, **October 15, 2027** at **10:30 a.m.** before the **Honorable Cynthia Bashant**.

/ /

19. The trial in this matter shall commence on Monday, **October 25, 2027** at **9:00 a.m.** before the **Honorable Cynthia Bashant**.

20. The dates and times set forth herein will not be modified except for good cause shown.

21. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: August 17, 2026

Honorable Allison H. Goddard
United States Magistrate Judge